# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

January 8, 2021

*Via Electronic Filing*
The Honorable Magistrate Judge Gabriel W. Gorenstein
United States District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

          **Re:**    *Villalva Estrada et al v. 1569 Lex LLC et al*
                   **Case No.: 1:20-cv-04534-RA-GWG**

Dear Honorable Magistrate Judge Gorenstein:

Pursuant to the Order for Conference Pursuant to Rule 16 dated December 28, 2020 [Dckt. No. 27], Defendants Philip Bozzo and Ignacio Mexquititla (incorrectly sued herein as "Ignacio Doe") (together, the "Defendants"), through their undersigned law firm, Levin-Epstein & Associates, PC., hereby submit the following letter[1] and proposed Civil Case Management Plan and Discovery Schedule:

## I.  A Concise Statement of The Issues as They Then Appear

This is an action under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") brought by Plaintiff against his former employer for alleged violations of federal and state minimum wage, overtime, spread-of-hours and recordkeeping violations.

The individual defendant Mr. Griffin owns and operates a small restaurant in the Upper East Side Manhattan restaurant where the Plaintiff worked. According to the underlying complaint filed on June 12, 2020 [Dckt. No. 1] (the "Complaint"), Plaintiff was employed at Defendants' restaurant as a tipped delivery worker from August 1, 2019 until on or about April 7, 2020. [Dckt. No. 1 at ¶¶ 38-39]. Plaintiff allegedly worked 6 days each week for 69 – 72 hours each week. [*Id.* at ¶ 44]. Plaintiff's central allegation is that he received a fixed weekly salary of $800 to $820 per week, for which overtime was not accounted for, and that he spent over 20% of each day performing non-tipped worked, *to wit*: preparing food, and washing dishes. [*Id.* at ¶ 40].

Defendants dispute the allegations of the Complaint, which are refuted by payroll, timekeeping records and witness testimony.

---

[1] Plaintiff Floriberto Villalva Estrada ("Plaintiff") objected to submitting this letter jointly, due to the contents of § IV, *infra*. Rather than submitting a *contra* position statement, Plaintiff wishes to file his own letter, separately. Plaintiff did not object to any of the contents of § II, *infra*.

II. **Proposed Case Management Plan and Discovery Schedule**

    a. Initial requests for production of documents shall be served by **February 11, 2021**.

    b. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by **February 11, 2021**.

    c. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed on or before **February 11, 2021**.

    d. All fact discovery shall be completed no later than **May 12, 2021.**

    e. No expert witness discovery is contemplated.

    f. Pretrial motions, if any, will shall be filed no later than **July 12, 2021**.

    g. The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.

    h. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application not in compliance with this paragraph will be denied. To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material.

III. **Statement of any Limitations to be Placed on Discovery, including any Protective or Confidentiality Orders**

    None anticipated at this time.

IV. **Brief Description of any Discovery Issues**

    <u>**Defendants' Position**</u>

    **A. Defendants Philip Bozzo and Ignacio "Doe" Were Improperly Named in this Action**

Under the FLSA and New York Labor Law, an individual – and not just a company – can be an "employer" under the law if he possesses the power to control, in whole or in part, a company's operations in a manner that relates to the employment of the company's employees. 29 U.S.C. § 203(d). In making this determination, a court should consider the totality of the circumstances that constitute the economic reality of the employer-employee relationship. *Irizarry v. Catsimatidis*, 722 F.3d 99, 111 (2d Cir. 2013). Ownership, or a stake in the company,

is not sufficient to establish that an individual is an employer unless the owner also has some involvement in the company's relationship with its employees. *Id*.

Factors that bear on the economic realities of the employer-employee relationship include, but are not limited to, whether the individual defendant has the authority to: (1) hire and fire employees; (2) supervise and control employees' work schedules or conditions of employment; (3) determine the rate and method of payment for employees; and (4) maintain employment records for employees. *Id*. at 104-105. No one of these factors standing alone is dispositive. *Id*. at 115.

In an effort to provide support for each of those facts, Plaintiff states that Defendants Philip Bozzo and Ignacio "Doe" exercised operational control over Plaintiff, made decisions directly affecting the nature and conditions of Plaintiff's employment, had the power to hire and fire, supervised and controlled schedules, conditions and policies, determined the rate and method of pay, and maintained employment records. [Dckt. No. 1 at ¶¶ 27-33]. These assertions, however, simply mimic the legally relevant factors, are merely conclusory, and provide no supporting facts.

In reality, neither of these individual Defendants were Plaintiff's "employers" under the FLSA or NYLL. Philip Bozzo was the original owner of the "Au Jus" restaurant establishment, who sold the business to Defendant Patrick Griffin years before Plaintiff alleged to have ever started working. He has no direct connection to Plaintiff whatsoever. Ignacio Mexquititla (incorrectly sued herein as "Ignacio Doe") was a general cook at the business. This individual Defendant merely assisted Plaintiff communicate between Spanish and English. He was not his "employer" under the FLSA or NYLL.

It is important to note that other Courts in this District have raised serious concerns about **this same Plaintiff's** credibility. In a March 31, 2016 Memorandum & Order by the Honorable District Judge Alison J. Nathan, of the United States District Court of the Southern District of New York, the Court observed the following in connection with Plaintiff's employment allegations with another restaurant in New York:

> [Defendants'] records indicate that Villalva-Estrada worked for Defendants *for just five weeks* – from September 3, 2014, through October 7, 2014 (not for 27 weeks as claimed in the complaint)
>
> The consistency of Defendants' records stands in contrast with Villalva-Estrada's testimony that he had difficulty remembering when he worked at Tinello and his inconsistent allegations about precisely how much he was paid.

*See Villalva-Estrada v. SXB Restaurant Corp et al*, 14-cv-10011-AJN-KNF (March 31, 2016) [Dckt. No. 53].

The same Court also raised concerns about Plaintiff's computation of wages. *See id*. at fn. 1, 2 (stating "several reasons to question the figures" in Plaintiff's damages chart; noting, *inter alia*, "it is unclear how Villalva-Estrada arrived at the 'effective hourly rate' that he claims he

3

was paid" and noting Plaintiff's attempt to "double recover" liquidated damages under both the FLSA and NYLL).

Eventually, that wage-and-hour action settled for nuisance value at $2,500.

On January 7, 2021, Defendants produced an asset purchase agreement executed on or around February 10, 2018, between Defendant Patrick Griffin and Philip Bozzo. The asset purchase agreement proves that Mr. Griffin purchased the business from Mr. Bozzo years before Plaintiff allegedly started working at the restaurant.

On January 8, 2021, Plaintiff's counsel represented that they intended to withdraw the action with respect to Defendant Philip Bozzo, but not against Defendant Ignacio "Doe".

### V. Anticipated Length of Trial

3-4 Days. Plaintiff has requested a jury trial.

### VI. Alternative Dispute Resolution

**Defendants' Position**

The parties engaged in an unsuccessful mediation on or around November 2020.

Defendants respectfully request the scheduling of a Settlement Conference before Your Honor at the Court's earliest available date and time.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi
Jason@levinepstein.com
420 Lexington Avenue, Suite 2525
New York, NY 10170
Tel. No.: (212) 792-0048
*Attorney for Defendants*

cc: All counsel of record (via ECF)